UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| JEAN R. LOUIS, | : | |
| | : | |
| Plaintiff, | : | Civil Action No. 06-422(KSH) |
| v. | : | |
| | : | |
| NCR, | : | REPORT & RECOMMENDATION |
| | : | |
| Defendant. | : | |

This matter having come before the Court as a result of its Order directing the plaintiff, no later than **October 17, 2006**, to (1) "show cause in writing why sanctions, including the payment of counsel fees and expenses incurred by the defendant for attending the settlement conference, should not be imposed;" and (2) "show cause in writing why sanctions, including the preclusion of evidence, should not be imposed for his failure to provide responses to discovery;"

and the plaintiff having been advised that if he failed to show cause in writing by the deadline, then the Undersigned may recommend to the United States District Judge that Her Honor dismiss the Complaint;

and the defendant having received no written response from the plaintiff;

and the Court having received no written response from the plaintiff;

and the Court therefore finding that the plaintiff has failed to show why sanctions should not be imposed for his failure to attend the settlement conference;

and the Court further finding that the plaintiff has failed to show cause why sanctions should not be imposed for his failure to respond to discovery;

and the Court noting that the plaintiff has failed to comply with Orders in the past and that his noncompliance has expended unnecessary resources and delayed these proceedings, see,

e.g., Orders, dated July 6, 2006 and August 3, 2006;

and the plaintiff having been specifically advised that his failure to submit a written response may result in a recommendation to the United States District Judge that Her Honor dismiss the Complaint;

and the Undersigned hereby recommending that the United States District Judge dismiss the Complaint pursuant to Fed. R. Civ. P. 16 and 37;[1]

---

[1] In Poulis v. State Farm Fire & Casualty Co., 747 F.2d 863 (3d Cir. 1984), the Court of Appeals for the Third Circuit set forth six factors that must be considered to determine whether the sanction of dismissal is appropriate. The Poulis factors are: (1) the extent of the party's personal responsibility, (2) prejudice to the adversary, (3) a history of dilatoriness, (4) whether the attorney's conduct was willful or in bad faith, (5) alternative sanctions, and (6) the meritoriousness of the claim or defense. Id. at 868. While not all of these factors are applicable in this case, consideration of those which do apply provide a framework for determining whether or not dismissal is appropriate.

The plaintiff has a history of noncompliance with Orders. For example, he was directed to file an Amended Complaint because the legal basis for his claims were not clear and hence, did not comply with Fed. R. Civ. P. 8. He was aware of this directive, and was recalcitrant each time he was directed to comply. Moreover, he was on notice of the settlement conference yet willfully failed to appear. See Transcript of Proceedings, dated October 11, 2006. Moreover, he telephone the Chambers of the Undersigned and simply stated he had another court appearance and his son was with him. There was no indication that his client, who was required to attend, was with him or that counsel intended to appear in court. In addition, it appears that he has failed to comply with his discovery obligations. His failure to respond to the Order to Show Cause leaves unrefuted the representations that he was asked to produce documents during his deposition but failed to do so.

His nonappearance at the settlement conference and failure to timely provide discovery has prejudiced the defendants. Defense counsel and their client appeared for the settlement conference but plaintiff did not. Thus, they expended unnecessary resources traveling to New Jersey and preparing for the conference. Moreover, plaintiff's failure to respond to discovery prejudices the defendant's ability to defend itself.

The plaintiff has been on notice of the consequences of his noncompliance but he has not acted. There is no other conclusion to draw but that the plaintiff's conduct and his failure to take steps to pursue this action are willful. The plaintiff's failure to appear at the settlement conference, failure to respond to the discovery demands made during his deposition, and his failure to respond to the Order to Show Cause, particularly in light of the warning that a failure to respond may lead to a recommendation that the case be dismissed, signal to the Court that the

and for good cause shown,

IT IS THEREFORE ON THIS 20th day of October, 2006

RECOMMENDED that the United States District Judge dismiss the Complaint pursuant to Fed. R. Civ. P. 37.  The parties have ten (10) days from receipt of this Recommendation to file and serve objections; and

IT IS FURTHER ORDERED that defense counsel shall serve a copy of this Report and Recommendation upon the plaintiff by regular mail and certified mail/return receipt requested

IT IS FURTHER ORDERED that all terms of the Order dated August 24, 2006 shall remain in full force and effect.

                                                s/Patty Shwartz
                                                United States Magistrate Judge

---

plaintiff does not intend to litigate his claim.

Based upon the apparent willful abandonment of his suit and the prejudice to the defendants, the Court concludes that dismissal is the only sanction that is appropriate.

Because the Court is recommending the ultimate sanction, there is no need for the Court to address alternatives, such as the preclusion of evidence or the imposition of a monetary sanction.  The Court has considered these sanctions and finds that they are insufficient to address the conduct.  If the United States District Judge declines to accept the recommendation to dismiss the case, the Undersigned will consider an application that the plaintiff pay the fees and travel costs associated with the defendant's appearance at the settlement conference on October 11, 2006.