UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

NOT FOR PUBLICATION

| | |
|---|---|
| **JEAN R. LOUIS**, | |
| Plaintiff, | |
| v. | Civ. Action No. 06-422 (KSH) |
| **NCR**, | |
| Defendants. | **OPINION** |

**KATHARINE S. HAYDEN, U.S.D.J.**

**I.   INTRODUCTION**

This matter comes before the Court on the Report & Recommendation ("R&R") of Magistrate Judge Patty Shwartz dated October 20, 2006 recommending that this Court dismiss plaintiff Jean Louis's complaint as a sanction for his failure to comply with several of the Court's orders. For the reasons that follow, the Court declines to adopt the extreme remedy of dismissal but finds that an order of monetary sanctions is appropriate.

**II.   STANDARD OF REVIEW**

Plaintiff is represented by counsel. Counsel filed an objection to the R&R in a letter dated October 24, 2006. When an objection is made to an R&R, the Court must make a *de novo* determination of those portions of the R&R objected to. 28 U.S.C. § 636(b)(1)(C); see also Henderson v. Carlson, 812 F.2d 874, 877 (3d Cir. 1987). The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. §

636(b)(1)(C).

The Third Circuit holds that the district court must consider six factors in determining the appropriateness of the sanction of dismissal: (1) the extent of the plaintiff's personal responsibility; (2) prejudice to the adversary; (3) a history of dilatoriness; (4) whether the attorney's conduct was willful or in bad faith; (5) the availability of alternative sanctions; and (6) the meritoriousness of plaintiff's claim. <u>Poulis v. State Farm Fire & Casualty Co.</u>, 747 F.2d 863, 868 (3d Cir. 1984).

## III. BACKGROUND

Plaintiff, represented by present counsel, instituted this lawsuit by filing a complaint in the Superior Court, Law Division, Essex County on December 12, 2005. He alleges that defendant NCR unlawfully terminated his employment on the basis of race and national origin. NCR removed the action to this Court on January 30, 2006 pursuant to 28 U.S.C. §§ 1441(a) and 1446.

The record establishes that plaintiff's counsel has disregarded Court orders throughout the course of this litigation. For example, plaintiff was ordered to amend the complaint no later than March 10, 2006 (<u>see</u> Order filed Feb. 22, 2006, docket entry #4) but an amended complaint was not ultimately filed until August 28, 2006. Plaintiff failed to provide responses to written discovery requests by September 22, 2006 as ordered (<u>see</u> Third Amended Pretrial Sch. Order, docket entry #19, at ¶6). Plaintiff's counsel failed to attend a mandatory settlement conference with Magistrate Judge Shwartz on October 11, 2006.

On October 12, 2006, Magistrate Judge Shwartz issued an Order to Show Cause why sanctions should not be imposed on plaintiff for his attorney's failure to appear at the settlement conference and for his failure to respond to the discovery requests. There was no response. Magistrate Judge Shwartz then filed the R&R at issue, recommending that this Court dismiss the

complaint as the appropriate sanction in the face of manifest noncompliance. The R&R cited plaintiff's repeated failure to file an amended complaint within the time allotted by the Court as another reason why dismissal of the complaint was warranted. Considering all of plaintiff's actions together, Magistrate Judge Shwartz concluded that dismissal was the only appropriate sanction because of plaintiff's "apparent willful abandonment of his suit and the prejudice to the defendants." (R&R, docket entry # 35, at 2-3 n.1.)

In his October 24, 2006 letter objecting to the R&R, counsel stated that he had tried to comply with the Court's various orders; that he missed the settlement conference because he failed to record the date in his diary; and that the failure to answer written discovery requests was the result of the parties' mutual failure to agree on a timetable for responding to such requests. The letter also indicates that the parties recently spent four hours deposing plaintiff.

Defendant submitted a response to plaintiff's submission, noting that the Court had specifically ordered plaintiff to respond to written discovery requests no later than September 22, 2006. (Response, docket entry # 36, at 1; see also Third Amended Pretrial Sch. Order, docket entry # 19, at ¶ 6.) Defendant also noted that, even though it was not required to do so, it had faxed plaintiff's counsel a letter the day before the settlement conference reminding him of the conference.

**IV.   ANALYSIS**

The Third Circuit has stated that "dismissal is a drastic sanction and should be reserved for those cases where there is a clear record of delay or contumacious conduct by the plaintiff." Donnelly v. Johns-Manville Sales Corp., 677 F.2d 339, 342 (1982). Additionally, the Poulis factors cited above demonstrate that prejudice to the defendant and personal responsibility on the part of plaintiff are of paramount importance in determining whether the sanction of dismissal is

appropriate. Plaintiff's counsel has shown serious, even inexplicable disregard for various court imposed deadlines and has inconvenienced both defendant and the Court by failing to attend the settlement conference. Notwithstanding, applying Poulis, at this point the Court is constrained to conclude that dismissal of the complaint is not warranted under the circumstances.

Central to this conclusion is the fact that plaintiff traveled from Florida to New Jersey on September 26, 2006 for the purpose of being deposed, demonstrating that plaintiff has not wilfully abandoned his claim. The Court requested and reviewed the lengthy transcript of plaintiff's deposition, and is satisfied that plaintiff's failure to provide responses to the interrogatories did not cause undue prejudice to defendant. Moreover, the transcript shows that *plaintiff* had provided his attorney with responses to defendant's discovery requests, and it was his *attorney* who did not follow through by failing to transcribe them in a timely manner. (See Deposition of Jean Louis, at T5-5.)

Consideration of the Poulis factors compels this Court to conclude that the extreme sanction of dismissal is inappropriate when the root of the problem appears to be plaintiff's counsel, rather than plaintiff himself. An award of monetary sanctions, suggested by Judge Shwartz as an alternative in the R&R, is more appropriate at this juncture. Sanctions will be the in the form of an award of costs for the expenses incurred by defendant in attending (excluding preparation for) the settlement conference that was aborted by plaintiff's counsel's non-appearance, including air fare for out-of-state attendee[s] .

**IV.     CONCLUSION**

For the foregoing reasons, the Court declines to adopt the recommendation of dismissal in the R&R and adopts instead the alternative sanction of an award of costs against plaintiff's counsel. An appropriate order will be entered.


Dated: November 27, 2006                                       /s/ Katharine S. Hayden

                                                                             Katharine S. Hayden, U.S.D.J.